IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DIANA PIÑEIRO FUENTES**<br>Plaintiff,<br><br>v.<br><br>**COMMISSIONER OF SOCIAL SECURITY**,<br>Defendant. | **CIV. NO**. 18-1556 (MDM) |

## OPINION AND ORDER

Pending before the Court is counsel for the plaintiff Pedro G. Cruz Sanchez' ("Counsel") "Petition for authorization of an attorney fee pursuant to the Social Security Act." (Docket No. 55). Plaintiff's counsel requests that the Court authorize attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for successful representation of the plaintiff in federal court. For the reasons set forth below, the petition is **GRANTED.**

### I.   Procedural and Factual Background

Plaintiff Diana Piñeiro Fuentes (the "plaintiff") filed this action challenging the Commissioner of the Social Security Administration's (the "Commissioner") denial of her request for Social Security disability insurance benefits. (Docket No. 3). The Commissioner filed an answer to the complaint (Docket No. 16). After the Court denied an unavailing motion to stay the proceedings, the plaintiff filed a Memorandum of law in support of her request for an Order reversing the Commissioner's determination that the plaintiff was not disabled within the meaning of the Social Security Act. (Docket No. 36). In response, the Commissioner filed a "Consent motion for remand" pursuant to sentence four of 42 U.S.C. § 405(g), requesting that the Court reverse and vacate the agency's termination of benefits under Sec. 205(u), 42 U.S.C. § 405(u). (Docket No. 41). Because the case was voluntarily remanded by the Commissioner following the plaintiff's brief, there was no need for an oral argument.

Case 3:18-cv-01556-MDM   Document 62   Filed 10/10/23   Page 2 of 10

*Piñeiro v. Commissioner of Social Security,* Civ. No. 18-1556 (MDM)                                                              Page | 2
_____

Pursuant to the Commissioner's Consent motion for remand, and the parties having consented to proceed before the undersigned, the Court reversed and vacated the agency's final decision to terminate the plaintiff's benefits under Sec. 205(u), 42 U.S.C. § 405(u), and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). (Docket Nos. 42; 43). Plaintiff's benefits were ordered to be reinstated retroactive to the date of termination, subject to the rules on eligibility for payment. The Court entered Judgment on February 5, 2020. (Docket No. 43).

Several months later, on June 8, 2020, Counsel filed a motion for attorney's fees pursuant to the Equal Access to Justice Act "(EAJA") in the amount of $4,039.13. (Docket No. 50). The Commissioner expressed no objection to counsel's fee petition for the total sum requested. The Court granted the request for attorney fees accordingly. (Docket No. 54).

Over a year and a half later, on March 18, 2022, Counsel filed a motion for attorney's fees in the amount of $20,000 pursuant to 42 U.S.C. § 406(b) of the Social Security Act for his work representing the plaintiff in federal court. (Docket No. 32).

**II.     Fees payable in Social Security Cases**

In Social Security cases, the provisions governing fees for attorney representation are twofold: attorney fees can be obtained pursuant to the EAJA and the Social Security Act. Thus, fee awards may be made under both the EAJA and Section 406(b), but if fees are awarded under both, the attorney claiming the award must refund the lesser award to the client. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412.

The EAJA, 28 U.S.C. § 2412(b), allows for recovery of "reasonable fees and expenses of attorneys" by the prevailing party in any civil action brought against any agency or official of the United States, including a successful Social Security benefits claimant. 28 U.S.C. § 2412(b) (Supp. 1993). *See Gisbrecht*, 535 U.S. at 796. Under the EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." § 2412(d)(1)(A). EAJA fees are determined not by a percent of the amount recovered, but by the "time expended" and the attorney's "[hourly] rate," § 2412(d)(1)(B), which is

Case 3:18-cv-01556-MDM   Document 62   Filed 10/10/23   Page 3 of 10

*Piñeiro v. Commissioner of Social Security,* Civ. No. 18-1556 (MDM)                                                                 Page | 3
_____

capped at $125 per hour. § 2412(d)(2)(A). *See Gerardo Dieppa-Velázquez v. Comm'r of Soc. Sec.*, 19-CV-1574 (CVR) (D.P.R., May 25, 2021).

In contrast, 42 U.S.C. § 406 provides the statutory framework for attorneys to seek fees for their representation of claimants in actions for past-due Social Security benefits. Under 42 U.S.C. § 406(b)(1)(A), the Court may award a reasonable fee to the attorney who successfully represented a claimant in federal court. More specifically, § 406(b)(1)(A) states the following:

> Whenever a court renders a judgment favorable to a claimant under [Title II of the Social Security Act] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). The statute thus authorizes the Social Security Administration to withhold 25 percent of the claimant's past-due benefits for attorney's fees and sets this amount as the limit a court may award. *See Gisbrecht*, 535 U.S. at 795. The fee is payable "out of, and not in addition to, the amount of past-due benefits." *Id*. As a result, unlike the EAJA, Section 406(b) does not authorize the prevailing party to recover fees from the losing party. Instead, Section 406(b) authorizes fees payable from the successful party's recovery. *Id*.

The Supreme Court has settled that § 406(b) works in tandem with representative fee arrangements, stating: "[Section] 406(b) does *not* displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.,* at 807.

A court may award fees under Section 406(b) when, for example, "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493- 96 (10th Cir. 2006). However, Section 406(b) is not meant to permit counsel to request inordinate or unreasonable fees under the guise of a contingency fee

Case 3:18-cv-01556-MDM   Document 62   Filed 10/10/23   Page 4 of 10

*Piñeiro v. Commissioner of Social Security,* Civ. No. 18-1556 (MDM)                                      Page | 4
_____

agreement. Section 406(b) calls for court review of contingent fee arrangements between claimants and counsel to assure that they yield reasonable results. Agreements are also *de facto* unenforceable if they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A). Courts must ensure that fees are reasonable even if they are less than 25 percent of the past-due benefits, as there is no presumption that 25 percent is reasonable. *Gisbrecht*, 535 U.S. at 807 n.17.

   A.  <u>Reasonableness of the fees.</u>

  The Supreme Court has interpreted that § 406(b) is not a *carte blanche* for counsel to request inordinate or unreasonable fees under the guise of a contingent fee agreement and it is for the courts to determine the reasonableness of the fees sought. *Gisbrecht*, at 790, 807. In making such a determination, a court should look first to the contingent fee arrangement, and then test for reasonableness of the petition "based on the character of the representation and the results the representative achieved." *Id.* at 808. There is no bright line rule or clearly articulated test for reasonableness of the fees, but the United States Supreme Court has directed that the factors relevant to the analysis include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. *Gisbrecht* did not provide a definitive list of factors that should be considered when determining whether a fee is reasonable or how those factors should be weighed because it recognized that the judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts.

  To assist in their analysis, courts may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id.* "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id.* (citations omitted).

  In sum, district courts may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case. *Gisbrecht,* 535 U.S. at 808. Because district courts are accustomed to making reasonableness

Case 3:18-cv-01556-MDM   Document 62   Filed 10/10/23   Page 5 of 10

*Piñeiro v. Commissioner of Social Security,* Civ. No. 18-1556 (MDM)                                          Page | 5
_____

determinations in a wide variety of contexts, their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review. *Id.* at 808.

        B.      <u>Time to file a Section § 406(b) petition.</u>

Section 406(b) does not include a specific timeframe for filing fee applications under the Social Security Act. On February 28, 2022, however, the Local Rules of the District of Puerto Rico were amended to include a specific timeframe for counsel in this District to request attorney's fees for Social Security cases both under the EAJA and § 406(b). To that effect, Local Rule 9(d)(2) states that: "A party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) shall have thirty (30) days [to file his or her petition] after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld."

### III.    <u>Discussion</u>

In the present case, Counsel maintains that his petition under § 406(b) seeking $20,000 in fees was timely filed and is reasonable because a favorable outcome for the claimant was achieved. Because attorney fees have already been awarded to Counsel under the EAJA, and they are substantially less than the fees now requested under § 406(b), Counsel correctly asserts that those fees previously awarded to him will be refunded to the plaintiff if the Court were to grant his petition under § 406(b).[1] On its part, the Commissioner recognizes that it has no financial stake in this matter—because the award comes out of the plaintiff's past-due benefits and not the Government—so it defers to the Court to determine whether the fees are timely and reasonable.

        A.      <u>Timeliness of the fee petition.</u>

Counsel maintains that the fee petition is timely filed. Here, the NOA sent by the Social Security Administration ("SSA") to the plaintiff is dated November 1, 2020. Plaintiff's counsel nevertheless claims that he received the NOA for the *first time* via fax on March 14, 2022. (Docket No. 55-2). As noted above, Local Rule 9(d)(2) now grants

---

[1] Congress harmonized fees payable by the Government under the EAJA with the fees payable under § 406(b) out of the claimant's past-due benefits as follows: fee awards in Social Security cases may be made under *both* provisions, but the claimant's attorney *must* reimburse to the claimant the *lesser* award. *See Gisbrecht*, 535 U.S. at 796; 28 U.S.C. § 2412.

a party seeking Section 406(b) attorney fees thirty (30) days after counsel's receipt of the NOA to file a fee petition. Counsel filed his Section 406(b) fee petition on March 18, 2022, just four days after the SSA faxed him a copy of the NOA. The Court therefore finds that the fee petition was timely filed.

### B. <u>Reasonableness of the fees requested.</u>

Moving on to the reasonableness of the amount requested by Counsel, he claims that his request for $20,000 in fees for the plaintiff's representation in federal court is reasonable and should be allowed. To support his contention, counsel maintains that the amount requested is proper because it does not exceed twenty-five percent (25%) of plaintiff's past due benefits, which is the statutory cap, and is consistent with fee petitions granted in comparable cases in other jurisdictions. Counsel further argues that, given the contingent nature of the representation, the amount sought reflects the express fee agreement between himself and the plaintiff. Finally, Counsel avers that his fee petition is reasonable because the case was successfully resolved in favor of his client and there is no reason why the requested award should be deemed unjust.

As explained above, it is up to the courts to determine whether the amount requested under § 406(b) is reasonable and should be awarded in cases where, like here, the parties entered into a contingent fee agreement. *See Gisbrecht*, 535 U.S. at 807. Courts must therefore review for reasonableness the fees yielded by those agreements. The Supreme Court has noted that contingent fees are the "primary" means by which fees are set for successfully representing Social Security claimants and should not be reduced unless "inordinately large." *Id*. A twenty-five percent contingent fee agreement is customary for these cases. *See id. Ezekiel v. Astrue,* 853 F. Supp. 2d 177, 179–80 (D. Me. 2012). "Within the 25 percent boundary [of the contingency-fee agreement], as petitioners in this case acknowledge, the attorney for the successful claimant must *show* that the fee sought is reasonable for the services rendered." *Gisbrecht,* 535 U.S. at 807. When determining if a fee is reasonable, courts should first look to the contingent fee arrangement, then test for reasonableness based on the character of the representation and the results the representative achieved. *Id*. at 808.

Case 3:18-cv-01556-MDM   Document 62   Filed 10/10/23   Page 7 of 10

*Piñeiro v. Commissioner of Social Security,* Civ. No. 18-1556 (MDM)                                                        Page | 7
_____

The Court begins by looking at the parties' contingent fee agreement. The contingent fee agreement between the plaintiff and Counsel cites to Section 406(b)(1)(A) and provides that the attorney fee must be approved by the court. (Docket No. 55-1). It also specifies that the representation in a civil action in federal court would never be "more than twenty-five (25%) of the past-due benefits" that are awarded to the plaintiff in the event the case is won. *Id*. In the contingent fee agreement, therefore, the plaintiff and her attorney agreed that the legal fees ultimately charged, if the case was decided in the plaintiff's favor, would be determined by the contingent nature of the representation.

Here, the fees requested by Counsel ($20,000) comply with the statutory cap because they are not greater than twenty-five percent (25%) of the plaintiff's past due benefits. That alone, however, is not dispositive. The fact that the award sought complies with the statutory cap does not deem it reasonable *per se* because courts must conduct an independent review and look to the factors established by the Supreme Court when assessing the reasonableness of the fees yielded by the contingent fee agreement. As a result, the Court must now test the contingent-free agreement for reasonableness by answering first whether plaintiff's counsel provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits.

As the Commissioner concedes, there is no indication that Counsel's conduct in this case was improper or that his representation was subpar. Counsel ultimately achieved complete success because the case was remanded (for which the first step was filing the case in federal court). As such, no reductions are warranted based on counsel's conduct or the character of the representation.

What remains is the final *Gisbrecht* factor to test the fees for reasonableness: whether the benefits are large in comparison to the amount of time Counsel spent working on the case. "[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly

billing charge for noncontingent cases. *Gisbrecht,* 535 U.S. at 807. The attorney bears the burden of establishing that the fee sought is reasonable. *Id.*[2]

Applying the *Gisbrecht* teachings to the case at bar, an important factor jumps out—large fees in comparison to lawyer time. Although not attributable to his own actions, Counsel was required to spend less time than is customary in the federal lawsuit because the Commissioner voluntarily consented to the case being reversed and remanded after the plaintiff's brief was filed and, in consequence, there was no need for a reply memoranda or oral argument. Counsel indicated that he spent a total of 19.8 hours working on plaintiff's case. His Section 406(b) fee petition therefore amounts to a *de facto* rate of approximately $1,010.10 per hour in this case because he requests $20,000 in fees. Said amount appears to be seemingly high given the amount of time spent by Counsel representing the plaintiff. Of note, Counsel has indicated in his filings to the Court that his typical hourly rate for the 2019-2020 year was $205.25, representing the cost-of-living adjustment allowed by statue, 28 U.S.C. § 2412(d)(2)(A)(ii). (*See* Docket No. 44). When comparing Counsel's typical hourly rate for those years ($205.25) to that which he would earn in this case ($1,010.10), Counsel would earn here approximately five times his hourly rate.[3]

If the *de facto* hourly rate ($1,010.10) and time spent working on the case (less than 20 hours) were the only relevant factors in the present matter, the Court would be

---

[2] The *Gisbrecht* Court has endorsed fee reductions, when appropriate, by directing that "[i]f benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id.* at 808. *See also Weed v. Colvin*, No. 14-271-JHR, 2016 WL 3919849, at *2 (D. Me. July 15, 2016) (citing *Gisbrecht*, 535 U.S. at 808 and *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)) ("Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that . . . the benefits are disproportionate in relation to the amount of time counsel spent on the case (thereby resulting in a windfall).")

[3] The amount requested by Counsel is roughly in line, albeit on the higher side, with other recent Social Security attorney fee awards made to Counsel and other attorneys by this court. A variety of recent cases have awarded fees in or around the $600.00 to $700.00 per hour range for similar work. *See e.g. Pagan Torres v. Comm'r of Soc. Sec.*, 18-CV-1921 (MDM) (granting an award of $5,111.00 in attorney fees for 8.3 hours of billable work despite denying the attorney's full claim of $11,000.00 as excessive, which amounts to approximately $615.78 per hour); *Santiago Diaz v. Comm'r of Soc. Sec.*, 19-CV-1139 (MEL) at *2 (D.P.R. Feb. 11, 2022) (granting an award of $6,180.00 for 10.3 hours of billable work despite denying $25,000.00 as excessive, which amounts to $600.00 an hour); *De Jesus-Rivera*, 2022 WL 405648 at *2 (granting $13,000.00 for 18.5 hours of work despite denying $15,203.00 as excessive, amounting to approximately $702.70 an hour).

inclined to find that the amount requested by Counsel is excessive and represents an unearned windfall. The Court nevertheless recognizes that strictly applying the lodestar method—without more—is unsuitable for purposes of this analysis and the Court must also weigh other relevant factors. For example, there is no indication that the terms of the contingent fee agreement reached by Counsel and the plaintiff were unreasonable, and the agreement provides for Counsel to receive up to 25% of the plaintiff's past-due benefits. Furthermore, as Counsel claims, the fee amount requested ($20,000.00) complies with the statutory cap because it is not greater than 25% of the plaintiff's past-due benefits.[4] And, as noted above, there is no indication of substandard performance by Counsel.

Additionally, courts have the duty to serve as an independent check for the reasonableness of fees requested pursuant to Section 406(b); a duty which must be balanced against a client and his attorney's free and willful decision to enter into a contingency-fee agreement and their right to have that agreement upheld. *See Falcon v. Comm'r of Soc. Sec.*, Civ No 19-1914 (MDM). Pursuant to that rationale, it has been clearly established that a fee should not be reduced unless it is "inordinately large." *See e.g., Gisbrecht*, 535 U.S. at 806-07. The Court does not take lightly its duty to serve as an "independent check" for the reasonableness of fees requested under Section 406(b), which will no doubt render variable results on a case-by-case basis. That duty, the Court believes, must always be balanced against a client and his attorney's free and willful decision to enter into contingent-fee agreements.

Based on the foregoing, on balance, the Court finds that being compensated $20,000 for 19.8 hours of work is indeed high. Nevertheless, the Court finds that the fees fall within the reasonableness parameters given the circumstances of this case and other relevant factors discussed above. Accordingly, the Court will grant Counsel's petition in full.

---

[4] According to the NOA, plaintiff's past due benefits total $104,580, from which $26,145 was originally withheld by the SSA for payment of representative's fees, which includes representation at the administrative and federal level. From the $26,145 retained, the SSA approved a fee of $6,000 for plaintiff's representative before the agency and withheld $20,145 for court-related work.

Case 3:18-cv-01556-MDM   Document 62   Filed 10/10/23   Page 10 of 10

*Piñeiro v. Commissioner of Social Security,* Civ. No. 18-1556 (MDM)                                Page | 10
_____

### IV.     Conclusion

Upon weighing the relevant considerations, albeit a close call, the Court finds that the amount in fees requested by Counsel under § 406(b) is reasonable. Counsel's petition for attorney fees under § 406(b) is thus **GRANTED**. Counsel shall be awarded an amount of $20,000 in attorney's fees pursuant to § 406(b). Counsel is **ORDERED** to refund to the plaintiff the fees previously awarded to him by this Court under the EAJA within seven (7) days upon receipt of the § 406(b) fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of October 2023.

> s/ *Marshal D. Morgan*
> MARSHAL D. MORGAN
> United States Magistrate Judge